UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARIO CROW GHOST,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT DOOLEY, WARDEN;<br>a/k/a "Bob" Dooley, et. al.<br><br>  Respondents. | 4:15-CV-04065-KES<br><br>REPORT AND RECOMMENDATION [RESPONDENTS' MOTION TO DISMISS, DOCKET # 12] |

**INTRODUCTION**

This matter is before the court on petitioner Mario Crow Ghost's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2254.  See Docket No. 7. Mr. Crow Ghost was imprisoned on a state court conviction at the South Dakota State Penitentiary at the time he filed his motion (March 30, 2015),[1] but was subsequently discharged on April 24, 2015.  See Docket 13-1. Respondents have filed a motion to dismiss Mr. Crow Ghost's petition.  See Docket No. 12.  This matter has been referred to this magistrate judge for a recommended disposition pursuant to the October 16, 2014 standing order of the Honorable Karen E. Schreier, District Judge, and 28 U.S.C. § 636(b)(1)(A) and (B).

---

[1] Mr. Crow Ghost originally filed his *pro se* petition on March 30, 2015. Docket 1.  Thereafter the court requested him to complete a standard § 2254 form.  He complied, and filed the § 2254 form on April 15, 2015.  Docket 7.

## FACTS[2]

On September 2, 1998, Mr. Crow Ghost was indicted by a Davison County grand jury on seven counts, including: possession of marijuana, ingesting a substance for the purpose of intoxication, maintenance of a place used in violation of beverage laws, and four separate counts of aggravated assault. Docket 13 at p. 1-2. He pleaded guilty to aggravated assault (count VII of the indictment). The remaining charges were dismissed. Id. at p. 2.

Mr. Crow Ghost was sentenced to fifteen years in the South Dakota State Penitentiary (SDSP) with five years suspended, subject to certain terms and conditions. Id. While on release, however, Mr. Crow Ghost committed various parole violations. He appeared before the Parole Board and the board denied Mr. Crow Ghost credit for over 600 days of his "street time." Id.[3] See also Mr. Crow Ghost's petition, Docket 7 at p. 5-7 and Docket 7-1 at p. 5. The essence of Mr. Crow Ghost's § 2254 habeas corpus claim, though divided into

---

[2] The respondents' recitation of the facts refers to the settled record ("SR") of the state court proceedings which occurred in Davison County, South Dakota. Those proceedings arose out of the drug and assault charges and resulting convictions which culminated in the 1998 indictment and ultimately a guilty plea. See Docket 13 at p. 1-2. Though the respondents refer to the SR throughout their brief, they did not provide the state court records to this court. Mr. Crow Ghost, however, has not replied to the respondents' motion to dismiss nor has he in any other way challenged the accuracy of their rendition of the facts. As such, the respondents' representation to citation of the SR is accepted without receipt of the actual state court records. This court's recitation of the facts will refer to the respondents' brief, which in turn cites the state court settled record.

[3] The respondents' brief indicates the record is lacking as to the specifics of Mr. Crow Ghosts's appearances before the parole board. Id. at p. 2, n. 1. The documentation attached to respondents' brief, however, indicates Mr. Crow Ghost was granted parole and then had it revoked at least four times: in 2007, 2010, 2012, and 2013. See Docket 13-3, 13-4, 13-5 and 13-6.

three separate claims in his petition, is that the Parole Board did not have jurisdiction to revoke his "street time" and that by doing so, it violated his Constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments.  See Docket 7 at p. 4-7.

Mr. Crow Ghost did not appeal the decision of the Parole Board to revoke his parole or his "street time," nor did he file a state habeas corpus action pursuant to SDCL Chapter 21-27.  Instead, on December 4, 2013, he filed a declaratory judgment action in Davison County, South Dakota pursuant to SDCL Chapter 21-24.  See Docket 7-2.  In that action Mr. Crow Ghost argued, as he does here, that the Parole Board did not have the authority to do what it did and violated his Constitutional rights when it revoked his "street time."  Id.

On December 9, 2013, the state circuit court, the Honorable Tim Bjorkman, denied Mr. Crow Ghost's declaratory judgment action.  Docket 13, p. 2.  The state circuit court addressed Mr. Crow Ghost's motion again on March 11, 2014 when it dismissed the matter on the merits and for lack of jurisdiction.  Docket 13 at p. 2.  On November 25, 2014, the South Dakota Supreme Court summarily affirmed the state circuit court's dismissal of the declaratory judgment action.  See Docket 13, p. 2 and Docket 13-2.

Mr. Crow Ghost filed his federal § 2254 habeas corpus petition with this court on March 30, 2015. Along with their motion to dismiss, the respondents have filed a certificate of discharge indicating Mr. Crow Ghost was discharged from the South Dakota Department of Corrections on April 24, 2015.[4]  Docket

---

[4] The respondents' motion refers to a discharge date of March 25, 2015.

3

13-1. Mr. Crow Ghost did not file a response to the motion to dismiss and his current whereabouts are unknown.

Respondents move to dismiss Mr. Crow Ghost's federal habeas petition on three grounds: mootness, failure to exhaust state remedies, and procedural default. See Docket Nos. 12 and 13. Mr. Crow Ghost does not resist the motion to dismiss. For the reasons discussed below, this court respectfully recommends granting respondents' motion.

## DISCUSSION

### A.   Standard for Ruling on Motions Pursuant to FED. R. CIV. P. 12(b)(6)

Respondents' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted. Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face." Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)). A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). There is also a "plausibility standard" which

---

See Docket 12 at ¶ 2. This appears to be a typographical error, as two different dates (March 25 and April 24) appear in the certificate (Docket 13-1), and Mr. Crow Ghost filed documents with the court bearing a return address from the SDSP which were dated after March 25. See Docket Nos. 7, 8 & 9.

4

"requires a complaint with enough factual matter (taken as true)" to support the conclusion that the petitioner has a valid claim. Id. at 556. The petitioner's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Rule 8 "does not unlock the doors of discovery for a petitioner armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)). Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2). Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. Id. at 679-680. Legal conclusions must be

5

supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  These are the principles guiding the court's evaluation of respondents' motion.

**B.   Mootness**

The respondents assert Mr. Crow Ghost's release (and more specifically his certificate of discharge, indicating his sentence has expired—see Docket 13-1) renders his § 2254 habeas petition moot.  The court agrees.

In Lane v. Williams, 455 U.S. 624 (1982) the United States Supreme Court held that when a prisoner attacks his sentence (as opposed to his underlying conviction) and the sentence expires during the pendency of his habeas claim, the habeas claim becomes moot.  Id. at 631.  "Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."  Id. (citing North Carolina v. Rice, 404 U.S. 244, 248 (1971)).

The Lane Court distinguished its earlier decision in Carafas v. LaVallee, 391 U.S. 234 (1968), in which it decided an attack on a criminal *conviction* was not rendered moot by the prisoner's release.  Lane, 455 U.S. at 632.  "Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."  Lane, 455 U.S. at 631.  The Court explained the difference:

> The doctrine of Carafas is not applicable in this case. No civil disabilities such as those present in Carafas result from a finding that an individual has violated parole. At most, certain non-statutory consequences may occur; employment prospects, or the sentence imposed in a future criminal proceeding could be affected. The discretionary decisions that are made by an employer or a sentencing judge, however, are not governed by the mere presence or absence of a recorded violation of parole; these decisions may take into consideration, and are more directly influenced by, the underlying conduct that formed the basis for the parole violation. Any disabilities that flow from whatever respondents did to evoke revocation of parole are not removed-or even affected by a district court order that simply recites that their parole terms are 'void.'

Id. at 632-33.

The United States Supreme Court addressed the issue again in Spencer v. Kemna, 523 U.S. 1 (1998). In that case, the habeas petitioner was in custody when he filed his § 2254 petition in federal district court which alleged (as does Mr. Crow Ghost) unconstitutional parole revocation procedures. Mr. Spencer was released, however, during the pendency of the proceedings when (like Mr. Crow Ghost) the term of his imprisonment expired. Id. at 6. The district court dismissed the petition as moot. Id. The Eighth Circuit affirmed the dismissal. Id. The United States Supreme Court explained Mr. Spencer's petition was moot, but not because he was no longer "in custody" as required by the habeas statute. Id. at 7. The "in custody" provision of § 2254 merely requires the petitioner to be incarcerated at the time the petition is filed, and Spencer was incarcerated at that time because of the parole revocation. Id. But, the Supreme Court explained, Spencer's subsequent release caused his claim to become moot because it no longer presented a case

7

or controversy as required by Article III, § 2 of the United States Constitution. Id.

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the plaintiff must have suffered, or at least be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). The Court explained once the petitioner's sentence expires, some collateral consequence of the conviction must remain in order for the suit to be maintained.  Id.  A wrongful conviction has the real potential for continuing collateral consequences such as affecting one's right to vote, hold office, serve on a jury, or engage in certain businesses.  Id. at 8.  But, the Court said, "the same cannot be said of a parole revocation."  Id. at 11.  The Court concluded that no civil disabilities automatically result from a parole revocation itself, and that a future parole decision *might* be impacted by a past revocation is not enough to constitute a collateral consequence.  Id. at 13.  Neither were the possibility that a parole revocation might impact employment prospects or the sentences imposed in any future criminal proceedings.  Id.  The Court said all these possibilities were "purely a matter of speculation." Id. at 16.  As such, Mr. Spencer did not show his parole revocation, standing alone, would present a concrete injury sufficient to satisfy the Article III case-or-controversy requirement after his release.  Id.  See also, Larson v. Fabian, 324 Fed. Appx. at 540 (8th Cir. 2009) (dismissing petitioner's § 2254 as moot because he was

released from custody during pendency of proceedings and "no collateral consequences have been asserted, nor are any apparent.").

Mr. Crow Ghost filed this § 2254 federal habeas action challenging the constitutionality of the revocation of his parole by the Parole Board and the resulting loss of his "street time" credits.  He filed the action on March 30, 2015, but was released three weeks later when his sentence expired on April 24, 2015.  He has not alleged that any collateral consequences arise from the revocation of his parole or the loss of his "street time," nor do such consequences appear in the record.  Therefore, his petition is moot and should be dismissed.  Spencer, 523 U.S. at 6; Lane, 455 U.S. at 631; Larson, 324 Fed. Appx. at 540.  Because this issue is dispositive and goes to the court's subject matter jurisdiction, the other issues cited in the respondents' motion and brief are not addressed.

## CONCLUSION

Based on the foregoing law, facts, and analysis, this court respectfully recommends that respondents' motion to dismiss [Docket No. 12] be granted and that petitioner Mario Crow Ghost's habeas petition be dismissed ***with prejudice***.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED October 6, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge